IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT ROWEN and TERESA SU,<br><br>        Defendants. | Case No. 19-cr-00486-CRB-1<br><br>**ORDER DENYING MOTION TO DISMISS [79, 81], MOTION TO COMPEL PRODUCTION OF GRAND JURY MATERIAL [77], AND MOTION FOR JOINDER [80].** |

Defendants Robert Rowen and Teresa Su have been charged with conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and tax evasion in violation of 26 U.S.C. § 7201. See Superseding Indictment (dkt. 27). Rowen allegedly owes the IRS $232,326 in back taxes plus $1,319,409 in interest and penalties. The government alleges that he took affirmative steps to avoid paying the IRS, and that Su (his wife) aided him. See id. The Court previously granted Rowen's motion to proceed pro se and Su's motion to sever her trial from Rowen's trial.

Rowen then moved to dismiss the indictment. See Mot. to Dismiss (dkt. 79); Corrected Mot. to Dismiss (dkt. 81). Su moved to compel production of grand jury material, see Mot. to Compel (dkt. 77), and Rowen moved to join in that motion, see Mot. for Joinder (dkt. 80). The Court denied Rowen and Su's motions during a hearing on May 26, 2021. See Minute Entry (dkt. 107). This order provides the Court's reasoning for denying the motions.

I.   **MOTION TO DISMISS**

Rowen argued that that offenses under 26 U.S.C. § 7201 fall under the administrative regulations located in 27 CFR Part 70; that 27 CFR Part 70 applies only to

ATF actions; and that this case is not an ATF action. See Corrected MTD at 1. Rowen also argued that because Rowen was not issued "Notice(s) of Deficiency for any of the stated tax years (1990-2019)," the government cannot prosecute him. Corrected MTD at 2.

These arguments are unavailing.

First, 26 U.S.C. § 7201 simply makes tax evasion a federal offense. Section 7201 does not expressly or implicitly apply only to actions involving the ATF. 27 CFR Part 70 does not govern enforcement of § 7201; it simply "set[s] forth the procedural and administrative rules of the Alcohol and Tobacco Tax and Trade Bureau" for various purposes. 27 CFR § 70.1(a). Therefore, 27 CFR Part 70 does not limit the scope of § 7201. Rowen cited no caselaw holding or suggesting otherwise.

Second, Rowen's argument that prosecution for tax evasion requires the prior issuance of a notice of deficiency relied on two inapposite statutes. See 26 U.S.C. §§ 6212, 6213. Section 6212 states that "[i]f the Secretary determines that there is a deficiency in respect of any tax imposed by [enumerated provisions], he is authorized to send notice of such deficiency to the taxpayer." 26 U.S.C. § 6212(a). This statutory provision merely authorizes the Secretary of the Treasury to issue notices of deficiency in certain circumstances. Section 6213 provides that "no levy or proceeding in court" for the "collection" of a "deficiency in respect of any tax imposed by [enumerated provisions] . . . shall be made, begun, or prosecuted" until a notice of deficiency "has been mailed to the taxpayer." 26 U.S.C. § 6213(a). This statutory provision constrains the Secretary of the Treasury's authority to assess taxes via administrative proceedings in tax court. See 26 U.S.C. §§ 6201, 6213(a). The Ninth Circuit has held that § 6213's requirements control when the government can collect a tax "civilly or administratively," and that the government may "prosecute criminally for failure to pay a tax which it cannot yet collect civilly or administratively." United States v. Voorhies, 658 F.2d 710. 714 (9th Cir. 1981). That is the situation here.

The Court notes that Rowen's reply memorandum in support of his motion to dismiss was roughly 50 pages longer than permitted under Civil Local Rule 7-3(c).

See Reply (dkt. 81). The reply also raised numerous arguments not raised in Rowen's motion. See id. The Court thus reminds Rowen that a memorandum accompanying a motion should contain all the key arguments in support of the motion. See Civil Local Rules 7-2(b), 7-4. While a reply should respond to the arguments in the opposition, it should nonetheless be limited to issues germane to the initial motion. And if a party thinks that good cause exists for filing a brief that exceeds the applicable page limits, the party must request leave to file an oversized brief under Civil Local Rule 7-11.

That said, Rowen is representing himself, and the Court emphasizes that Rowen's non-compliance with these rules did not affect the Court's resolution of his motion. Had Rowen timely raised all the arguments he included in his lengthy reply brief, they would not have persuaded the Court.

Many of those arguments were premised on a misunderstanding American federalism. For example, Rowen repeatedly argued that because he is a citizen of California, he is not subject to federal criminal law and venue in this Court is improper. See, e.g., Reply at 11–15. Under the Necessary and Proper Clause, the Constitution gives Congress authority to (within certain limits) criminalize conduct when doing so reasonably relates to Congress's power to regulate commerce or to exercise one of its other enumerated powers. See United States v. Comstock, 560 U.S. 126, 147 (2010). When Congress acts within that authority, the resulting statutes constitute "Laws of the United States," which "shall be the supreme Law of the Land." U.S. Const. Art. VI. When California successfully attained statehood in 1850, Californians became subject to valid federal law. From then on, federal criminal statutes applied to their conduct and Californians were subject to prosecution in federal court. See 18 U.S.C. § 3231 (giving district courts original and exclusive jurisdiction over "all offenses against the laws of the United States" without stripping state courts of jurisdiction to adjudicate state offenses). With respect to venue, Californians enjoy the right to a trial in the State where their allegedly criminal conduct occurred, see U.S. Const. Art. III, § 2, cl. 3, "by an impartial jury of the State and district" where their allegedly criminal conduct occurred, see U.S.

Const. amend. VI. That means federal criminal cases are properly adjudicated in the federal district where the relevant conduct occurred. See, e.g., United States v. Cabrales, 524 U.S. 1, 8 (1998). Rowen acknowledged that his alleged offenses occurred within the County of Sonoma, which is in the Northern District of California. Thus, Rowen's arguments regarding Congress's power to criminalize his conduct and the Court's power to adjudicate this case are unpersuasive.

Rowen's additional arguments were similarly without merit. For example, the Ninth Circuit has expressly and repeatedly rejected Rowen's argument that federal reserve notes are exempt from taxation as debt instruments. See United States v. Condo, 741 F.2d 238, 239 (9th Cir. 1984); United States v. Gardiner, 531 F.2d 953 (9th Cir. 1976); United States v. Schmitz, 542 F.2d 782, 785 (9th Cir. 1976). Those reasonable decisions bind this Court. Rowen's argument that the superseding indictment is impermissibly devoid of detail also fails. See Reply at 55. "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." United States v. Awad, 551 F.3d 930, 935 (9th Cir. 2009) (quotation omitted). Here, the superseding indictment contains the elements of the crime charged and alleges numerous overt acts going to each element. See Superseding Indictment (dkt. 27). The indictment is thus adequate.

Rowen's reply made many arguments proceeding along similar lines. The Court considered and rejected them, and thus denied Rowen's motion.

## II. MOTION TO COMPEL

Su moved to compel the government "to disclose all aspects of the grand jury proceedings, including instructions and all witness testimony, leading to the indictment in this case." Mot. to Compel at 1. Su argued that because she has been charged with helping Rowen evade payment of his taxes, and because there is little evidence of her "intent (i.e. willfulness)," "the government may have misled the grand jury and presented false and/or misleading evidence of intent, which, if proven, could lead to a dismissal of the indictment against her." Id. at 1–2. In particular, Su argued that the government

"appears to have relied on statements from" Su's "attorney from eighteen years ago, Mr. Carl Voss." Id. at 2.

> The government appears to have relied on statements from Mr. Voss to allege that Dr. Su falsely claimed the couple's marital property as separate property in order to protect it from the IRS—and that such separate property did not exist at the time of the couple's marriage when Mr. Voss prepared [a] prenuptial agreement.
>
> Mr. Voss vehemently denies making any such statements. . . . In fact, his recollection supports the contrary: he *does* recall seeing the addendum listing Dr. Su's separate property at the time he drafted the prenuptial agreement.

Id. (emphasis in original). According to Su, the superseding indictment "includes allegations" that "appear to be based on Mr. Voss's statements," so Su requested access to the grand jury material "to determine if grounds for dismissal exist on the basis of prosecutorial misconduct." Id. Su also argued that "the grand jury transcripts are necessary to determine the integrity of the grand jury process in light of these facts." Id.

The government argued that Su had not shown a "particularized need" for the grand jury materials. Opp. (dkt. 90) at 1. The government emphasized that the superseding indictment "is void of any mention of the items that are the focus of [Su]'s motion: the 2001 prenuptial agreement, the purported addendum, [and] the interview of Su's former attorney, Voss." Id. at 2.

At oral argument, the government represented that it would not use evidence of Mr. Voss's interview at trial. The Court denied Su's motion and now provides its reasoning.

**A.  Legal Standard**

Rule 6(e)(3)(E)(ii) provides that a court may authorize disclosure of grand jury transcripts based "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a 'particularized need exists . . . which outweighs the policy of secrecy.'" United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986) (quoting Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959)).

5

"Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the 'particular need' required to outweigh the policy of grand jury secrecy." United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir.1980) (quotation omitted).

Because Rule 6(e)(3)(E)(ii) requires a defendant to show that grounds may exist to dismiss the indictment, "the standard for dismissing an indictment is relevant to the standard for disclosure of grand jury materials." United States v. Pac. Gas & Elec. Co., No. 14-CR-00175-TEH, 2015 WL 3958111, at *9 (N.D. Cal. June 29, 2015). Prosecutorial misconduct before the grand jury can justify dismissing an indictment only in extreme cases. See United States v. Cederquist, 641 F.2d 1347, 1352–53 (9th Cir. 1981); United States v. Kennedy, 564 F.2d 1329, 1338 (9th Cir. 1977). And dismissing the indictment "is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict." Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (citation omitted).

**B.     Discussion**

The Court denies Su's motion because any alleged deception (whether intentional or accidental) or disclosure of privileged information by the government did not likely influence the grand jury's decision to indict.

The Superseding Indictment contained numerous allegations going to Su's conduct and state of mind. It alleged that:

- Su instructed patients at the medical clinic to make their checks out to gold brokers, who would then pay Rowen and Su in gold.

- Rowen and Su submitted joint tax returns from 2003 through 2008 reporting a fake casualty loss.

- In 2012, Rowen and Su filed a lawsuit against the government in federal court seeking to compel the IRS to file their amended joint tax returns for the tax years 2003–2008.

- In 2014, Su sued the government in state court and in doing so falsely represented that gold and silver seized by the IRS in March 2014 was her separate property.

- In 2014, Rowen and Su falsely represented to the federal court that all assets seized by the IRS in March 2014 were Su's separate property.

- In March 2014, Su contacted a patient of the clinic after the IRS seized the patient's check. Su requested that the patient stop payment and issue a new check.

- In October 2015, Su sent a false 2014 Form 1040 to the IRS reporting that most of the assets seized by the IRS in March 2014 were here separate property.

- In 2016, 2017, and 2018, Rowen and Su filed tax returns falsely reporting each partner's share of income, deductions, and credits.

- In 2013 and 2014, Su made cash payments to Chase Bank for her personal credit card, which included purchases for medical practice expenses.

See Superseding Indictment (dkt. 27).

Because the superseding indictment includes all of these allegations, and does not mention the prenuptial agreement, any disclosure or mischaracterization of Mr. Voss's interview by the government did not play a predominant role during the grand jury proceedings. Su's allegedly false statements regarding her separate property may relate to the government's evidence from the Voss interview. But the superseding indictment contains enough additional allegations to conclude that the grand jury would have returned the indictment either way—such that any misconduct by the government was neither extraordinary nor material and thus could not support dismissal.[1]

The Court also denies Rowen's motion to join Su's motion to compel. Su's motion argued that misleading evidence regarding her conduct and state of mind was presented to the grand jury. Rowen failed to explain why those Su-specific arguments would justify his receipt of the grand jury materials.

The Court emphasizes that it takes seriously the government's representation that it will not introduce evidence of Mr. Voss's statements during the interview.

---

[1] The Court notes that the original indictment contained substantially the same allegations. See Indictment (dkt. 1).

7

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss, motion to compel, and motion for joinder are denied.

**IT IS SO ORDERED.**

Dated: May 28, 2021



CHARLES R. BREYER
United States District Judge